UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBIN D. GOWERS,

        Plaintiff,

v.

AR RESOURCES INC.,

        Defendant.

CIVIL ACTION NO.
1:21-CV-03206-JPB

## ORDER

This matter is before the Court on Robin D. Gowers's ("Plaintiff") Motion for Reconsideration [Doc. 10].  This Court finds as follows:

### PROCEDURAL HISTORY

Plaintiff filed this action against AR Resources Inc. on August 6, 2021. [Doc. 1].  Because Plaintiff sought leave to proceed *in forma pauperis*, the matter was submitted to United States Magistrate Judge Linda T. Walker for a frivolity review.  On August 24, 2021, the Magistrate Judge ordered Plaintiff to amend her Complaint to correct various pleading deficiencies.  [Doc. 2].

Plaintiff filed an Amended Complaint on September 10, 2021.  [Doc. 4].  On November 29, 2021, the Magistrate Judge determined that Plaintiff failed to correct the pleading deficiencies identified in her original Complaint and therefore

recommended that the action be dismissed.  [Doc. 5].  Plaintiff was given fourteen days to object to the Magistrate Judge's Report and Recommendation.  [Doc. 6]. Having received no objection, the Court adopted the Report and Recommendation and dismissed the action on December 20, 2021.  [Doc. 7].  Plaintiff then filed objections on December 21, 2021.  [Doc. 9].  In an abundance of caution, the Court will reevaluate the Report and Recommendation in light of Plaintiff's objections before turning to the Motion for Reconsideration.

## OBJECTION TO THE REPORT AND RECOMMENDATION

### A.   Legal Standard

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations.  United States v. Raddatz, 447 U.S. 667, 680 (1980).  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected-to portion under a "clearly erroneous" standard.  Notably, a party objecting to a recommendation "must specifically identify those findings objected to.  Frivolous, conclusory, or general objections need not be considered by the district court."  Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).  Placing this burden on the objecting party "'facilitates the opportunity for district judges to spend more time on matters actually contested

and produces a result compatible with the purposes of the Magistrates Act.'"
<u>United States v. Schultz</u>, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting <u>Nettles v.</u>
<u>Wainwright</u>, 677 F.2d 404, 409–10 (5th Cir. Unit B 1982)).

**B.    Analysis**

In the objections, Plaintiff appears to take issue with a court's right to review
her pleadings under § 1915(e)(2)(B).  Plaintiff expressed concern that the
Magistrate Judge performed as the "judge, witness, defendant and jury, again all
without the actual defendants" in her case and claims that the Court "has taken on a
personal position" with respect to Plaintiff's suit.  [Doc. 9, p. 2].

Plaintiff's objection on this ground is without merit.  Section 1915(e)(2)(B)
clearly states that the Court "shall dismiss the case at any time if the [C]ourt
determines that" the action is frivolous, fails to state a claim or seeks monetary
relief against a defendant who is immune from such relief.  This statute gives this
Court the authority to review pleadings and dismiss those that are frivolous,
whether or not the opposing party has made an appearance.  As a result, Plaintiff's
objection on this basis is **OVERRULED**.

The remainder of Plaintiff's objections are without merit.  They consist of
statutory quotations and conclusory assertions that are not directed to specific

findings in the Report and Recommendation.  Accordingly, Plaintiff's objections do not change the Court's prior ruling adopting the Report and Recommendation.

## MOTION FOR RECONSIDERATION

### A.    Legal Standard

Local Rule 7.2 provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary." Reconsideration is limited to the following situations:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.  Pepper v. Covington Specialty Ins. Co., No. 1:16-CV-693, 2017 WL 3499871, at *1 (N.D. Ga. Aug. 3, 2017).  A party "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind."  Id.

### B.    Analysis

In the instant Motion, Plaintiff argues that "clear error" justifies reconsideration.  First, Plaintiff again takes issue with the Court's ability to dismiss her case under § 1915(e)(2)(B).  The Court addressed this contention in the earlier discussion of Plaintiff's objections and found it to be without merit.

4

Second, Plaintiff argues that the "failed mailing system to ensure timely delivery of court documents" constitutes clear error.  [Doc. 10, p. 3].  Even if a delayed mailing occurred in this case, it is unclear how such an event would constitute a "clear error of law or fact," especially since this Court reevaluated the Report and Recommendation in light of Plaintiff's objections.  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).  Plaintiff has thus not shown that an instance of "clear error" warrants reconsideration of the dismissal of her case.

Plaintiff's remaining arguments repeat the assertions in her objections. Indeed, whole sections within the Motion for Reconsideration appear to be cut and pasted from the objections that she previously filed.  Those arguments were already considered, and rejected, by this Court.  Because Plaintiff did not present sufficient grounds for reconsideration, the Motion is **DENIED**.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration [Doc. 10] is **DENIED**.

**SO ORDERED** this 9th day of June, 2022.

J. P. BOULEE
United States District Judge